**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| **AMBER HILL, individually and on behalf of all others similarly situated,** ) ) ) **Plaintiff,** ) ) **v.** ) ) ) **CALL 4 HEALTH, INC.** ) ) ) **Defendant,** ) | C/A No.: 3:24-1355-JFA<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C § 216(b)** |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff, Amber Hill ("Plaintiff" or "Hill"), individually and on behalf of all of other situated individuals, by and through undersigned counsel, brings suit against Defendant, Call 4 Health, Inc. ("Defendant" or "Call 4 Health") on a collective basis pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

**INTRODUCTION**

1. The pre-shift activities of booting-up a computer and launching software are "integral and indispensable" to the duties of call centers workers and are thus compensable under the FLSA. *Peterson v. Nelnet Diversified Solutions, LLC*, 15 F.4th 1033, 1041 (10th Cir. 2021) (holding that 1.6 to 2.27 minutes call center representatives spent performing pre-shift work including entering the premises and booting-up computers was compensable work under the FLSA); *Cadena v. Customer Connexx LLC*, 51 F.4th 831, 840 (9th Cir. 2022) ("Because Appellants cannot perform their principal duties—receiving customer calls and scheduling—

without a functional computer, booting-up their computers at the beginning of their shifts is integral and indispensable and therefore compensable under the FLSA.").

2. Here, Defendant required Plaintiff and its current and former Patient Care Representatives ("PCRs") to spend approximately six (6) to eight (8) minutes each day, and sometimes more, turning on their computers and booting-up various software programs before their scheduled shifts but did not pay these employees for all of their compensable time worked.

3. Defendant's failure to pay Plaintiff and its current and former Patient Care Representatives ("PCRs") for their "boot-up" time resulted in the non-payment of hundreds of thousands of dollars in wages to the Putative Class.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Defendant pursuant to S.C. Code Ann. § 36-2-803(1)(a) ("long-arm statute") because Defendant is "transacting business" within the State of South Carolina.

## PARTIES

5. Defendant Call 4 Health, Inc. is a corporation organized and existing under the laws of the State of Florida. It operates call centers employing PCRs in South Carolina, Maryland, Florida, and Tennessee. Defendant also employs PCRs who work remotely (i.e., from their homes) in other locations throughout the United States, including North Carolina.

6. Plaintiff Amber Hill is an individual residing in Winston Salem, North Carolina. Defendant has employed Plaintiff as a non-exempt, hourly remote PCR since June 2023. Her consent form is attached hereto as Ex. A.

7. The "FLSA Collective Members" are those current and former hourly PCRs employed by Defendant, either as remote workers or at its call centers, anywhere in the United

States, anytime from a date three (3) years prior to the filing of this lawsuit through the final disposition of this matter, and who have been subjected to the same illegal policies and pay system under which Plaintiff worked and was paid.

## FLSA COVERAGE

8. At all material times, Defendant has been an employer of Plaintiff and the Putative Class Members within the meaning of Section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise in commerce, or in the production of goods for commerce, within the meaning of Section 203(s)(l) of the FLSA because it have had, and continue to have, employees engaged in commerce. 29 U.S.C. § 203(s)(1).

10. At all material times, Plaintiff and the Putative Class Members are (or were) employees who engaged in commerce, or in the production of goods for commerce, as to their respective employment with Defendant, as required by Sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–07.

11. At all material times, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard of Five Hundred Thousand Dollars ($500,000.00).

12. Therefore, at all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

## BACKGROUND FACTS

13. Defendant is a "call center and answering service solutions provider for physicians and hospitals." *Contact Medical Call Center*, Call4Health.com (Feb. 15, 2024, 5:06 PM),

https://www.call4health.com/contact-us/. Defendant is based in Delray Beach, Florida, and has "campuses" or call centers in South Carolina, Maryland, Florida, and Tennessee, where it employs PCRs.

14. Defendant also employs PCRs who work remotely, but report to supervisors at the call centers. Defendant supervises the work Plaintiff Amber Hill performs through the management at its South Carolina call center.

15. Throughout the period of the FLSA Collective, Defendant has employed PCRs as non-exempt, hourly employees, whose primary duties include answering phone calls from patients of Defendant's customers; responding to patient questions; scheduling appointments; and generally assisting patients over the phone.

16. Each day, in order to assist patients over the phone, the Putative Class Members, including Plaintiff Amber Hill must turn on their computers, log into Defendant's computer network, and launch several software applications that they need in order to assist patients.

17. Defendant forbids its employees from clocking in before they are ready to take phone calls. If a PCR clocks in before being ready to take calls, the Defendant considers that stealing company time, which can lead to discipline.

18. Defendant maintains a policy that requires Plaintiff and all other Customer Service Representatives to be at their workstations, logged into their computers with all necessary applications open and ready to take calls by 8:00 A.M., every workday.

19. It typically takes Plaintiff about six (6) to eight (8) minutes each day, and sometimes more, to fully boot-up her computer. Plaintiff usually commences her computer boot-up process about fifteen (15) to twenty (20) minutes prior to 8:00 A.M., to be sure that she would not be disciplined.

20. For example, during the period of Wednesday, January 31, 2024, through Thursday, February 6, 2024, it took Plaintiff, respectively, six (6) minutes, six (6) minutes, eight (8) minutes, six (6) minutes, and six (6) minutes to turn-on and boot-up her computer to be ready to log-in to the time keeping system. On Saturday, February 8, 2024, Plaintiff commenced her boot-up process at 7:50 A.M., but could not get into the system until 8:15 A.M, for a total of twenty-five (25) minutes.

21. Because of these system boot-up procedures and Defendant's refusal to pay Plaintiff for her time, Plaintiff usually works at least thirty (30) minutes per week off the clock with no pay. Since she already works forty (40) hours per week normally, this time should be paid at one and a half (1½) times her hourly rate since it qualifies as overtime.

22. Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure, and, as set forth below, the policies of Defendant resulting in FLSA violations.

23. Plaintiff and the Putative Class Members regularly worked (or work) over forty (40) hours on the clock in a workweek.

## WAGE VIOLATIONS

24. Defendant violated the FLSA by requiring Plaintiff and the Putative Class Members, to perform pre-shift work – booting-up their computers and launching software programs – off the clock without pay.

25. At all times relevant to this action, Defendant failed to comply with the FLSA because Defendant did not pay its respective employees, including Plaintiff and the Putative Collective Members, for their boot-up time.

## **COLLECTIVE ACTION ALLEGATIONS**

26. Plaintiff brings this action as an FLSA collective action on behalf of a class of individuals similarly situated. Plaintiff will request the Court to grant conditional certification under 29 U.S.C. § 216(b), and to order notices to the FLSA Collective Members as defined in paragraph seven (7) above.

27. Potential opt-in members of the collective action are similarly situated to Plaintiff. They all held the same/similar job positions and had substantially similar job requirements and pay provisions with Defendant. They are, or were subject to, the same common practices, policies, and plans of Defendant. They all suffered damages in the nature of lost wages, including straight time and overtime pay, resulting from the wrongful conduct of Defendant.

## **COUNT I –OVERTIME COMPENSATION UNDER THE FLSA (29 U.S.C. § 207)**

28. Defendant's practice of failing to pay Plaintiff and the Putative Class Members for their boot-up time, when it was in excess of forty (40) hours in a week, violates the FLSA. 29 U.S.C. § 207.

29. Defendant's conduct was willful in that it was done in conscious disregard of the rights of Plaintiff and the Collective. Defendant was fully aware that Plaintiff and the Collective were spending time before their shifts booting-up their computers and knew that it was not paying them for this time.

30. Defendant's failure to properly compensate its respective employees at a rate of at least one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendant's common payment policy or practice that applies to all similarly situated employees.

31. Accordingly, Plaintiff and the Putative Class Members bring this cause of action under Section 216(b) of the FLSA, which allows them to recover all unpaid overtime compensation to which they are entitled, but have not been paid, for the three (3)-year period preceding the filing of this Complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

32. Due to the willful nature of Defendant's conduct, Plaintiff and the Putative Class Members seek to recover, as liquidated damages, an amount equal to unpaid overtime wages for the three (3)-year period preceding the filing of this Complaint through the final disposition of this matter—that is, the same period for which unpaid overtime damages are sought. 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Plaintiff Hill, for herself and on behalf of all other similarly situated persons, respectfully requests that this Court enter judgment against the Defendant:

a. For an Order conditionally certifying this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all Putative Collective Members;

b. For an Order approving the form and content of a notice to be sent to all potential Collective Action Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

d. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

e. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

f. For an Order awarding Plaintiff a service award as permitted by law; and

g. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted by:

*/s Joseph Sandefur*
Joseph S. Sandefur, Esq.
Bar No. 10238
C. Ryan Morgan, Esq.
**MORGAN & MORGAN, P.A**.
11915 Plaza Drive, Suite 301
Murrells Inlet, SC 29576
Telephone: (843) 973-5196
Email: jsandefur@forthepeople.com
            rmorgan@forthepeople.com

Richard E. Hayber, Esq.
(*to be admitted pro hac vice*)
Federal Bar. No. ct11629
Raymond Dinsmore, Esq.
(*to be admitted pro hac vice*)
Federal Bar. No. ct30725
**THE HAYBER LAW FIRM, LLC**
221 Main Street, Suite 502
Hartford, CT 06106
Telephone: (860) 522-8888
Facsimile: (860) 218-9555
Email: rhayber@hayberlawfirm.com
            rdinsmore@hayberlawfirm.com
**ATTORNEYS FOR PLAINTIFF**

March 21, 2024
Murrells Inlet, SC